## Schaeffer Appeal

*Alexander Knight,* for appellant.
*High, Swartz, Childs & Roberts,* for zoning board.
*Waters, Cooper & Gallagher,* for Wyncote Players.

FORREST, J., March 20, 1956.—This is an appeal from a decision of the Cheltenham Township Zoning Board of Adjustment under the Zoning Ordinance of 1929, as amended, granting an exception, subject to certain contingencies and conditions, to the Wyncote Players, an unincorporated amateur theatrical group, to use a building which it hopes to purchase.

The building is a vacant school building situate on the southwesterly corner of Greenwood Avenue and Walt Lane, Wyncote, Cheltenham Township, in a district zoned "A" residential. It is owned by the School District of Cheltenham Township. Wyncote Players has neither a lease nor an option to purchase the property, nor do they have an agreement for such purchase. The directors of the school district, by motion duly carried, have decided to sell the premises upon sealed bids in accordance with the provisions of the school code. The said directors are unwilling to enter into an agreement for the private sale of the property conditioned upon approval by the zoning board of the proposed use by the Wyncote Players. Indeed, they would not be permitted to do so without approval of court under section 707 of the Public School Code of March 10, 1949, P. L. 30, as amended, 24 PS §7-707, which provides inter alia:

"The board of school directors of any district is hereby vested with the necessary power and authority to sell unused and unnecessary lands and buildings, by any of the following methods and subject to the following provisions: . . . (3) At private sale, subject to the approval of the court of common pleas . . . "

Evidently deeming it unduly hazardous to make a bid without being certain of the right to use the premises for the purpose of producing amateur theatricals, the Wyncote Players made this application to the zoning board. Applicants sought a special exception so as to permit such use as an "educational and philanthropic purpose," which is permitted by the zoning

ordinance in "A" residential districts only upon approval of the board. The zoning board approved the application subject to the conditions, inter alia: (1) That the approved use of the building be contingent upon applicant's becoming a nonprofit corporation and acquiring title to the premises; (2) that such use be limited to applicant and should applicant not acquire title to the premises or should it abandon its use of the property, the exception shall be terminated.

This appeal from the decision of the zoning board, brought by an owner whose property adjoins the school grounds, raises a question of law which is decisive of the matter and which renders it unnecessary to consider the merits of the application.

In Murphy Appeal, 62 Montg. 310, 314 (1946), dismissing an appeal from the refusal of an application for a special exception, this court, per President Judge Knight, observed that, "it is only the owner or other person with vested rights who has a standing to complain of the hardship imposed by compliance with the provisions of a zoning ordinance." See also Rathkopf, the Law of Zoning and Planning (3rd ed.) (1956) vol. 1, pp. 622-623, and cases cited therein.

It is true that an equitable owner has such a standing (Appeal of Elkins Park Improvement Association Zoning Case, 361 Pa. 322 (1949)); however, Wyncote Players has made the application to the zoning board with no more interest in the property than a hope and a prayer.

For the reason already stated, the decision of the board should be reversed. Thus it is unnecessary to consider whether the conditions attached to the granting of the special exception by the board are legal and proper.

And now, this March 20, 1956, the decision of the Zoning Board of Adjustment of Cheltenham Township is reversed.